# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

GRATUITY SOLUTIONS, LLC and
GRATUITY, LLC

                      Plaintiffs,

v.

TOAST, INC.

                      Defendant.

Case No. 2:24-cv-00737-JLB-NPM

## DEFENDANT TOAST INC.'S EMERGENCY MOTION FOR
## A STATUS CONFERENCE

Defendant Toast, Inc. ("Toast") files this emergency request for a status

conference to set a case schedule and to be heard on Plaintiff Gratuity Solutions,

LLC's ("GS's") request for a Temporary Restraining Order, to the extent the court

intends to entertain that request.[1]

---

[1] By filing this Motion, Toast does not waive and expressly reserves its objections to these proceedings for lack of personal jurisdiction and improper venue. This Court lacks personal jurisdiction over Defendant Toast, Inc. and venue is improper in this District. Toast, Inc. objects to these proceedings, including the any ex parte motions Plaintiffs may have filed, based on this Court's lack of personal jurisdiction and improper venue. Toast specifically preserves all objections to these proceedings based on a lack of personal jurisdiction and improper venue. *See, e.g., Am. Torch Tip Co. v. Dykema Gossett PLLC*, 2011 WL 3171811, at *3 (M.D. Fla. July 8, 2011) ("Neither the notices of appearance nor the case management report waived personal jurisdiction because neither is a motion under Rule 12 or a responsive pleading."); *see also Lane v. XYZ Venture Partners, LLC*, 322 F. App'x 675, 678 (11th Cir. 2009) ("While it is true that the defense of lack of personal

Based on its review of the docket in this case, Toast understands that GS first filed this action on August 14, 2024. ECF No. 1. GS filed an Amended Complaint on August 28, 2024. ECF No. 18. Toast has not yet been served with the Complaint or the Amended Complaint despite notifying GS counsel that it was aware of this new action and would waive service. *See* Exhibit 1 (August 28, 2024 Email from Srikanth K. Reddy to counsel for GS).

On August 28, 2024, Plaintiff filed a "Declaration of Aleksandr Stepanovich" that references a "Motion for a Temporary Restraining Order." ECF No. 17 at ¶ 13. It states: "I assisted in preparing the Amended Complaint and the Motion for a Temporary Restraining Order. The allegations in the Amended Complaint and the Motion for Temporary Restraining Order, and those allegations are true and accurate." *Id.* Based on this Declaration, Toast believes that GS has moved for a Temporary Restraining Order against it, but GS has not informed Toast that it filed a Motion for Temporary Restraining Order, let alone provided Toast with a copy of the Motion or the sealed exhibits filed in support of its Amended Complaint. Ex. 1. Counsel for Toast directly reached out to counsel for GS by email on August 28, requesting to meet and confer regarding the dispute and the Temporary Restraining Order. *Id.* GS has not responded to Toast's request.

---

jurisdiction can be waived by filing a motion which does not raise the defense, Fed. R. Civ. P. 12(h)(1), waiver is only accomplished if the defense is not asserted in the first motion made under Rule 12 or responsive pleading.").

This action is not the only pending dispute between the parties.  GS sued Toast in the District of Massachusetts in 2022, alleging infringement of two patents *and breach of contract based on Toast's alleged misuse of Gratuity confidential information*.  *See Gratuity Solutions, LLC v. Toast, Inc.*, No. 1:22-cv-11539-JEK (D. Mass.).  After invaliding one patent for failing to claim patentable subject matter, the Massachusetts Court stayed resolution of the remaining patent infringement *and breach of contract* claims pending resolution of an *inter partes* review proceeding before the U.S. Patent and Trademark Office evaluating the validity of the remaining patent.  *See* ECF No. 109, Case No. 1:22-cv-11539-JEK (D. Mass. Apr. 24, 2024).

There is no basis for a temporary restraining order in this case.  GS's claims are meritless at least because Toast developed its Tips Manager product before it had any discussions with GS about a potential merger transaction.  Moreover, GS's action here is barred on several procedural grounds, including that the Court lacks general personal jurisdiction over Toast (the only basis for jurisdiction raised in the Complaint, *see* ECF No. 18 at ¶ 13), improper venue, improper claim splitting, forum shopping, and *forum non conveniens*.

To address these issues, Toast respectfully requests a status conference to discuss a briefing schedule for responding to any motion for Temporary Restraining Order filed by GS, to the extent the Court intends to address it on the merits.

3

Dated:    August 30, 2024

Respectfully submitted,


/s/ Kelli A. Edson

Kelli Edson
Florida Bar Number: 179078
kelli.edson@quarles.com
Quarles & Brady LLP
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602
Tel.: (813) 387-0268
*Lead Counsel for Defendant*

**<u>Certificate of Service</u>**

I hereby certify that on August 30, 2024, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants in this case.

By: /s/ Kelli A. Edson