**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

---

GRATUITY SOLUTIONS, LLC and
GRATUITY, LLC

        Plaintiffs,                    Case No.: 2:24-cv-00737-JLB-NPM

        v.

TOAST, INC.
        Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT OR, IN THE
ALTERNATIVE, TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS**

Toast sought leave to file this Reply in Support of its Motion to Dismiss or, in the Alternative, to Transfer (D.I. 54) (the "Motion") to address three arguments GS makes in its Opposition (D.I. 64) (the "Opposition"): (1) that GS has pled that it has trade secret(s) that derive independent economic value from their secrecy; (2) that features of GS's commercial product are protectable trade secrets because of a Joint User Agreement; and (3) that the claim splitting doctrine does not apply. Because none of GS's new arguments address the holes in its case discussed in Toast's opening motion, this Court should dismiss GS's Second Amended Complaint ("SAC") with prejudice or transfer this action to the District of Massachusetts.

I.  **GS Has Not Adequately Pled that it Owns a Protectable Trade Secret that Derives Independent Economic Value from its Secrecy**

First, nothing in GS's Opposition changes the fact that the SAC does not plead sufficient facts demonstrating how the alleged trade secrets derive independent economic value from being secret. Indeed, GS has not even shown that it possesses the SAC trade secrets or is using them in commerce. Rather, it points to features of Toast Tips Manager and says, without support, that the features belong to GS. In an attempt to salvage this deficiency, GS points to two paragraphs purportedly addressing independent economic value (D.I. 64 at 11–12), but neither does so. The first is only the plainly insufficient threadbare recital—"Plaintiffs' valuable and confidential trade secrets" (SAC ¶ 47)—that does not meet the Rule 8 pleading standard. The second is the allegation that "confidential details on how to implement Plaintiffs' software solutions is [*sic*] highly valuable because the information identified how Plaintiffs have

1

implemented specific features that were identified by Plaintiffs as valuable to their customers, and which were developed by Plaintiffs to address those customers' needs." SAC ¶ 40. Here, GS appears to confuse independent economic value derived from the secrecy of the trade secret information with generic commercial value. *See Hurry Fam. Revocable Tr. v. Frankel*, 2023 WL 23805, at *13 (M.D. Fla. Jan. 3, 2023) ("independent economic value . . . is derived from [the information's] secrecy"); *Synopsys, Inc v. Risk Based Sec., Inc.*, 70 F.4th 759, 772 (4th Cir. 2023) ("Proof of value untethered to value derived from secrecy does not show an alleged trade secret's independent economic value."). Because GS does not allege that the supposed trade secrets have independent economic value arising from their secrecy—and because it cannot do so as the information is known to every customer and user—GS fails to state a claim for trade secret misappropriation.

II.    **The Joint User Agreement Cannot Transform Readily Apparent Features of a Commercially-Available Product into Trade Secrets**

Second, GS's attempts to distinguish *Warehouse Sols., Inc. v. Integrated Logistics, LLC*, 610 F. App'x 881, 885–86 (11th Cir. 2015) and *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 584 (7th Cir. 2002) are unpersuasive. Both cases support the proposition that "readily ascertainable" (18 U.S.C. § 1839(3)(B)) features in commercially available software that are not subject to reasonable protective measures features cannot be trade secrets. *See also ProV Int'l Inc. v. Lucca*, 2019 WL 5578880, at *2 (M.D. Fla. Oct. 29, 2019) (granting motion to dismiss).

According to GS's own allegations, the purported trade secrets are readily

apparent features of a commercially available product available to all users without any visible confidentiality designation or indication. For example, one of GS's purported "trade secrets" is simply the details shown on someone's phone screen when using a mobile phone application. Ex. 51-1 at 5.[1]

A broad confidentiality term buried in a Joint User Agreement cannot confer trade secret protection over readily ascertainable features of PayDayPortal. Moreover, even if *restaurant customers* have to sign the Joint User Agreement containing a broad confidentiality clause to obtain a login and password to use PayDayPortal, GS has not pled, much less shown, that all PayDayPortal *users or viewers*, including Zarembka herself, are required to sign a confidentiality agreement.[2]

## III.    GS's Two Overlapping Complaints Constitute Improper Claim Splitting Warranting Dismissal or Transfer

Third, GS argues that the claim splitting doctrine does not apply here because (contrary to the statements in the Complaint (*see infra* n.3)) Toast's alleged misappropriation of GS's trade secrets arises *solely* from the alleged misdeeds of a Customer Advisor Board ("CAB") member committed in 2022 whereas its breach of

---

[1] GS's characterization of the alleged trade secrets as "configurations," "implementations," and "recipes" does not change what they actually are. While this Court must take GS's allegations as true, it need not take GS's misleading descriptions of the alleged trade secrets as true in the face of the primary source.

[2] GS never alleges that Zarembka signed any confidentiality agreement or Joint User Agreement; only that her employer did. *See, e.g.*, SAC ¶¶ 9, 43, 66. If this case proceeds past the pleadings stage, discovery will show that the Joint User Agreement does not confer trade secret protection. As Toast points out in its Opposition to GS's Motion for Preliminary Injunction, the public terms and conditions of use of PayDayPortal do *not* require confidentiality. D.I. 73 at 12. Rather, they confer copyright protection, which is the remedy the court suggests in *IDX*, 285 F.3d at 584.

contract claims in the Massachusetts case arise based on misuse of information obtained pursuant to two NDAs allegedly signed in 2016 and 2019. Opposition at 18–20. But splitting the time frame of the relevant events into two different periods and raising additional factual allegations in a second suit (that arise out of the same factual events in the first suit) is insufficient to overcome the claim splitting doctrine. *See Warner ex rel. J.W. v. Sch. Bd. of Hillsborough Cnty., Fla.*, 2023 WL 4748133, at *1–2 (M.D. Fla. July 5, 2023); *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 842–43 (11th Cir. 2017); *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021). And the mere fact that a second case raises "new causes of action" does "not prevent application of the claim-splitting doctrine." *Hussain v. Hussain*, 2022 WL 198811, at *2 (M.D. Fla. Jan. 12, 2022). Rather, it is sufficient that the two cases "involv[e] the same general type of conduct even though different causes of action were alleged." *Rumbough v. Comenity Cap. Bank*, 2017 WL 10058564, at *4 (M.D. Fla. Nov. 6, 2017).

Regardless of whether the alleged disclosure of GS's information occurred in 2016, in 2019, or through the CAB in 2022, both cases are based on the development of Toast Tips Manager, and as a result, the two cases should be heard together. GS cannot in good faith argue that the two cases are factually distinct when the cornerstone of both cases is the development of Toast Tips Manager. The product at issue in the Massachusetts litigation is Toast Tips Manager – the same product that GS now claims here incorporates its trade secrets. GS cannot split these claims when they "are related in time, origin, and motivation, and they form a convenient trial unit." *Warner*, 2023 WL 4748133 at *1. Any discovery concerning Toast's

development of Toast Tips Manager would be duplicative across both cases.  Id. at *2 (actions "form a convenient trial unit" where "[d]iscovery in each action will overlap").  This is particularly true because GS claims that the same features are somehow, impossibly, both patented and trade secrets.  Motion at 13.

Finally, GS's argument that this case differs from the Massachusetts litigation because it is based only on disclosures from Toast's CAB is simply not true.  *See* Opposition at 19.  In GS's Motion for a Preliminary Injunction, filed ten days prior to the filing of its Opposition, GS grounded its position in part on Toast's access to GS's alleged trade secrets since "at least 2016" pursuant to discussions governed by NDAs.[3] GS cannot seek an injunction based on the same allegations pled in the Massachusetts action while at the same time trying to avoid dismissal by calling them irrelevant.

## CONCLUSION

For these reasons and those laid out in Toast's Motion, GS's SAC should be dismissed with prejudice, or in the alternative, transferred to Massachusetts.

GOODWIN PROCTER LLP                    QUARLES & BRADY LLP

Srikanth K. Reddy, Esq.,               *s/ Kelli A. Edson*

---

[3] *See, e.g.*, D.I. 57 at 2 ("Based on the 2016 NDA, Toast obtained access to some of Plaintiffs' trade secrets."); *id.* at 3 (stating that after the 2019 NDA "some of Plaintiffs' trade secrets and other confidential information were further disclosed to Toast"); *id.* ("since at least 2016, Toast has been aware of the functions, capabilities, and requirements of Plaintiffs' software, and knew or should have known that certain information was not publicly known, including Plaintiffs' trade secrets"); *id.* at 7 ("Plaintiffs filed their [SAC]. . . to stop the misappropriation of its trade secrets . . . by [individuals] . . . who obtained accessed to Plaintiffs' trade secrets . . . pursuant to confidentiality agreements as set forth above").

LEAD COUNSEL (*pro hac*)
Massachusetts Bar # 669264
Kate E. MacLeman, Esq. (*pro hac*)
Massachusetts Bar # 684962
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
SReddy@goodwinlaw.com
KMacLeman@goodwinlaw.com

Andrew Ong, Esq. (*pro hac*)
California Bar # 267889
601 Marshall Street
Redwood City, CA 94063
(650) 752-3153
AOng@goodwinlaw.com

*Counsel for Toast, Inc.*

Kelli A. Edson, Esq.
Florida Bar No. 179078
Quarles & Brady LLP
101 East Kennedy Boulevard
Suite 3400
Tampa, FL 33602-5195
(813) 387-0300
kelli.edson@quarles.com
Secondary emails:
lauren.gibson@quarles.com
rebecca.wilt@quarles.com
DocketFL@quarles.com

6

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that the foregoing was electronically filed on November 25, 2024, with the Clerk of Court using the CM/ECF portal. I also certify that a true and correct copy was served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Kelli A. Edson*

Attorney