UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GRATUITY SOLUTIONS, LLC, and
GRATUITY, LLC,

      Plaintiffs,

v.                             Case No.:  2:24-cv-737-JLB-NPM

TOAST, INC.,

      Defendant.

_____/

## ORDER

The Magistrate Judge has entered an Order (Doc. 85) recommending the case be transferred to the District of Massachusetts.  Defendant timely objected.  (Doc. 86).  Thus, the district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  After an independent review of the entire record, the Court finds that the Magistrate Judge's Order is due to be adopted.

## BACKGROUND

This matter went before the Magistrate Judge on Defendant Toast, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint or, in the Alternative, to Transfer to the District of Massachusetts.  (Doc. 54).  In its motion, Toast, Inc. ("Toast") argued several bases for dismissing Plaintiffs' Second Amended Complaint.  (*See generally id.*).  One of Defendant's arguments for dismissal was that the Second Amended Complaint constituted impermissible claim splitting.  (*Id.*

at 1, 7–10).  In the alternative, Defendant argued that this action should be transferred to the District of Massachusetts under the first-to-file rule.  (*Id.* at 1, 16–19).

Plaintiffs argued in their response that the trade secret claims do not constitute impermissible claim splitting.  (Doc. 64 at 3–6).  However, they dedicated only one sentence to Defendant's argument regarding the first-to-file rule, solely asserting that "[t]here is no claim-splitting or violation of the first-to-file rule as Toast contends because the causes of action are, by definition, directed to fundamentally different forms of protectible intellectual property that were each improperly 'taken' at different times and in different ways."  (*Id.* at 4).

The Magistrate Judge determined that there was similarity and overlap between the claims brought in this Court and the claims brought in the District of Massachusetts, that the first-to-file rule was applicable, and that Plaintiffs offered no compelling circumstances to overcome the strong presumption of the first-to-file rule.  (*See generally* Doc. 85).  The Magistrate Judge deferred Defendant's arguments for dismissal—including Defendant's argument about impermissible claim splitting—for resolution by the transferee court.  (*Id.* at 6).

## DISCUSSION

Plaintiffs object to the Magistrate Judge's findings, arguing that their Second Amended Complaint does not constitute impermissible claim splitting.  (Doc. 86 at 8–10).  Plaintiffs further allege that the Magistrate Judge applied the "wrong

standard" and that "similarity alone is not enough without preclusive effect." (*Id.* at 9). But Plaintiffs' arguments are about impermissible claim splitting, not the first-to-file rule. The Magistrate Judge's Order was based upon the first-to-file rule and cited the correct standard for the first-to-file rule. (*See generally* Doc. 85).

In their Objection, Plaintiffs do not cite any case law about the first-to-file rule. (*See generally* Doc. 86). Rather, they cite to *Vanover v. NCO Fin. Services, Inc.*, 857 F.3d 833 (11th Cir. 2017), which addresses the standard for dismissing cases due to impermissible claim splitting. (Doc. 86 at 3–4, 8–10). The Magistrate Judge did not dismiss this action because of impermissible claim splitting. (*See generally* Doc. 85). Rather, it ordered the transfer of this action to the District of Massachusetts based on the first-to-file rule. (*Id.*).

As Plaintiffs acknowledged in their Objections, the Magistrate Judge applied the standard used by the Court in *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). In *Manuel*, the Court explained that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Id.* "The primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings." *Allstate Ins. Co. v. Clohessy*, 9 F. Supp.2d 1314, 1316 (M.D. Fla. 1998) (citing *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993)).

In determining whether the first-to-file rule applies, courts consider "(1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity

of the issues." *Marrero v. Laundress, LLC*, No. 223CV00519JLBKCD, 2024 WL
478370, at *2 (M.D. Fla. Jan. 26, 2024) (citing *Women's Choice Pharms., LLC v.
Rook Pharms., Inc.*, No. 16-cv-62074, 2016 WL 6600438, at *2 (S.D. Fla. Nov. 8,
2016)).  Where the rule applies, "the party objecting to jurisdiction in the first-filed
forum carr[ies] the burden of proving 'compelling circumstances' to warrant an
exception to the first-filed rule." *Women's Choice Pharms., LLC*, 2016 WL 6600438,
at *2 (quoting *Manuel*, 430 F.3d at 1135).

        This Court agrees with the Magistrate Judge that "[t]he first two elements of
the rule—the chronology of the actions and the similarity of the parties—are
quickly dispensed with."  (Doc. 85 at 4).  The Massachusetts action was filed in
September 2022, while this action was filed in August 2024.  The parties in both
actions are identical.  Thus, the question is whether the issues in this action are
sufficiently similar to the issues in the Massachusetts action to warrant transfer.

        The first-to-file rule does not require that the complaints be "mirror-images"
of each other; instead, "[w]hat is required is a similarity or an overlapping in subject
matter." *Marrero*, 2024 WL 478370, at *3 (citing *Rudolph and Me, Inc. v. Ornament
Cent., LLC.*, No. 8:11-cv-670-T-33EAJ, 2011 WL 3919711, at *3 (M.D. Fla. Sept. 7,
2011)); *see also Strother v. Hylas Yachts, Inc.*, No. 12-80283-CV, 2012 WL 4531357,
at *2 (S.D. Fla. Oct. 1, 2012) (explaining that "[a]ll that need be present is that the
two actions involve closely related questions or common subject matter. . . . The
cases need not be identical to be duplicative").  Though the Massachusetts action
alleges patent infringement while this action alleges misappropriation of trade

secrets, both actions are about whether Toast unlawfully used Gratuity's proprietary information to develop its Tips Manager. (Mass. Comp. at ¶ 80; Doc. 50 at ¶ 29). Both actions will require careful review of the non-disclosure agreements related to the relationship between Plaintiffs and Defendant, and there will be a significant overlap in the discovery necessary to determine whether these non-disclosure agreements were breached, whether patent infringement occurred, and whether trade secrets were misappropriated. Plaintiffs conceded as much in the Rule 16 conference conducted on December 16, 2024. Thus, because the Massachusetts action was filed nearly two years before this action, the parties in both actions are identical, and the issues presented in both actions are similar, the first-to-file rule applies. *See Marrero*, 2024 WL 478370, at *2 (citing *Women's Choice Pharms., LLC*, 2016 WL 6600438, at *2).

Plaintiffs "carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Women's Choice Pharms., LLC*, 2016 WL 6600438, at *2 (quoting *Manuel*, 430 F.3d at 1135). Plaintiffs did not offer any compelling circumstances to meet this burden. (*See generally* Doc. 86 (addressing impermissible claim splitting rather than the first-to-file rule)).

## CONCLUSION

Because the first-to-file rule applies, and because Plaintiffs did not offer any compelling circumstances to warrant an exception to the first-to-file rule, Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint or, in the Alternative, to Transfer to the District of Massachusetts (Doc. 54) is **GRANTED in**

**part** as to its request to transfer venue and otherwise **DEFERRED** for resolution by the transferee court.

Accordingly, it is **ORDERED**:

(1)  The Magistrate Judge's Order (Doc. 85) is **ADOPTED** and made a part of this Order for all purposes.

(2)  Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint or, in the Alternative, to Transfer to the District of Massachusetts (Doc. 54) is **GRANTED in part** as to its request to transfer venue and otherwise **DEFERRED** for resolution by the transferee court.

(3)  Plaintiffs' Objections to the Magistrate Judge's Order (Doc. 86) are **OVERRULED**.

(4)  The Clerk of Court is **DIRECTED** to transfer this case to the United States District Court for the District of Massachusetts, terminate all pending deadlines, and close the file.

**ORDERED** at Fort Myers, Florida on April 7, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

6