**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| GRATUITY SOLUTIONS, LLC and GRATUITY, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>TOAST, INC.,<br><br>        Defendant. | Civil Action No. 1:25-cv-10948-JEK<br><br>██████████<br>(Leave to file under seal granted June 2, 2025, Docket No. 113)<br><br>(Leave to file granted June 4, 2025, Docket No. 115) |

**DEFENDANT TOAST, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO DISMISS GRATUITY'S SECOND AMENDED COMPLAINT**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Applied Concepts Unleashed, Inc. v. Matthews*,
    2015 WL 11254380 (S.D. Fla. Feb. 19, 2015) ..........................................................................7

*Barthelmes v. Kimberly-Clark Corp.*,
    2015 WL 1431156 (D. Mass. Mar. 27, 2015)............................................................................5

*Cashman Dredging & Marine Contracting Co., LLC v. Belesimo*,
    759 F. Supp. 3d 120 (D. Mass. 2024) ......................................................................................1

*Cavallaro v. UMass Mem'l Health Care Inc.*,
    2010 WL 3609535 (D. Mass. July 2, 2010)..............................................................................4

*Compulife Software Inc. v. Newman*,
    959 F.3d 1288 (11th Cir. 2020) ...............................................................................................2

*Debose v. Univ. of S. Fla.*,
    178 F. Supp. 3d 1258 (M.D. Fla. 2016)....................................................................................6

*Delivery Kick Holdings, Inc. v. RJ Bookser LLC*,
    2025 WL 896330 (M.D. Fla. Mar. 24, 2025) ...........................................................................2

*ISO Claims Servs., Inc., ACI Div. v. Bradford Techs., Inc.*,
    2011 WL 13176422 (M.D. Fla. Sept. 29, 2011)........................................................................6

*Lyons v. Gillette*,
    882 F. Supp. 2d 217 (D. Mass. 2012) ......................................................................................6

*Merrett v. Liberty Mut. Ins. Co.*,
    2012 WL 37231 (M.D. Fla. Jan. 6, 2012)................................................................................6

*Mullane v. Breaking Media, Inc.*,
    433 F. Supp. 3d 102 (D. Mass. 2020), *aff'd*, 2021 WL 3027150 (1st Cir. Feb.
    26, 2021) ..................................................................................................................................5

*Penalbert-Rosa v. Fortuno-Burset*,
    631 F.3d 592 (1st Cir. 2011)....................................................................................................4

*Phoenix Co., Inc. v. Castro-Badillo*,
    2024 WL 3742368 (D.P.R. Aug. 9, 2024)................................................................................3

*Result Mktg. Grp., Ltd. v. Se. Grocers, LLC*,
    2024 WL 2132866 (M.D. Fla. Mar. 26, 2024) .........................................................................1

i

*Ruggers, Inc. v. United States*,
    736 F. Supp. 2d 336 (D. Mass. 2010) ...................................................................6

*Sutra, Inc. v. Iceland Exp.*,
    *ehf*, No. CIV.A. 04-11360-DPW, 2208 WL 2705580 (D. Mass. July 10, 2008)......................3

*Telford v. Iron World Mfg., LLC*,
    680 F. Supp. 2d 337 (D. Mass. 2010) ...................................................................5

*TLS Mgmt. & Mktg. Servs., LLC v. Rodriguez-Toledo*,
    966 F.3d 46 (1st Cir. 2020)...............................................................................4

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964).........................................................................................5

*Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*,
    386 F.3d 581 (4th Cir. 2004) ............................................................................5

*Wesley Fin. Grp., LLC v. Westgate Resorts*,
    746 F. Supp. 3d 1342 (M.D. Fla. 2024)................................................................5

*Yancey v. Remington Arms Co., LLC*,
    2013 WL 5462205 (M.D.N.C. Sept. 30, 2013), *report and recommendation*
    *adopted in part sub nom. Maxwell v. Remington Arms Co., LLC*, 2014 WL
    5808795 (M.D.N.C. Nov. 7, 2014) ......................................................................5

*Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*,
    898 F.3d 1279 (11th Cir. 2018) ..........................................................................3

Toast files this brief Reply in Support of its Motion to Dismiss (Docket No. 105) (the "Motion") to rebut GS's argument in its Opposition (Docket No. 110) (the "Opposition") that Toast's Motion applies incorrect legal standards for trade secret misappropriation under the Defend Trade Secrets Act ("DTSA") and Florida Uniform Trade Secrets Act ("FUTSA"), and for GS's common law tort claims. First, Toast's legal standard for misappropriation arises directly from the statutory language of the DTSA and FUTSA and requires that a plaintiff show that it possessed a trade secret, took reasonable measures to protect the trade secret, and that the defendant misappropriated the trade secret—*i.e.* through knowing improper acquisition, disclosure, or use. GS fails to plausibly state a claim for misappropriation under this standard. Second, although Massachusetts law should apply to GS's tort claims, there is no meaningful difference between Massachusetts and Florida law, and under either, GS has failed to state a colorable claim.

Because none of GS's arguments in its Opposition resolves the holes in its case discussed in Toast's Opening Memorandum (Docket No. 107, "Mem."), this Court should dismiss GS's Second Amended Complaint ("SAC") with prejudice.

## I.     THE SAC FAILS TO STATE A PLAUSIBLE CLAIM FOR MISAPPROPRIATION UNDER THE CORRECT LEGAL STANDARDS FOR THE DTSA AND FUTSA.

A party stating a claim for misappropriation must show that: (i) it possessed a trade secret; (ii) it took reasonable measures to protect the trade secret; and (iii) the defendant disclosed or used the alleged trade secret despite a duty to maintain secrecy. *See, e.g.*, *Cashman Dredging & Marine Contracting Co., LLC v. Belesimo*, 759 F. Supp. 3d 120, 139 (D. Mass. 2024); *Result Mktg. Grp., Ltd. v. Se. Grocers, LLC*, 2024 WL 2132866, at *6 (M.D. Fla. Mar. 26, 2024). GS argues this is not the correct standard and that Toast "cannot seem to identify the elements required to plead a claim under the DTSA." Opp. at 13. Ignoring that these factors arise from the statutory language of the DTSA and FUTSA themselves, GS relies on a misleading characterization of the decision

1

in *Delivery Kick Holdings, Inc. v. RJ Bookser LLC*, 2025 WL 896330 (M.D. Fla. Mar. 24, 2025) to propose a simplified standard that a party stating a claim under the DTSA or the FUTSA need only show that "(1) it possessed a trade secret and (2) the secret was misappropriated." *Id.* at *2. What GS leaves out, however, is that the relevant portion of the *Delivery Kick Holdings* decision continues on to discuss that "[a] trade secret must be the subject of efforts that are reasonable under the circumstances to maintain its secrecy" and that "[m]isappropriation can occur by acquisition, disclosure, or use." *Id.* (internal quotations omitted).

Indeed, the Eleventh Circuit decision[1] that the *Delivery Kick Holdings* decision quotes includes a discussion of the *same factors* that Toast includes in its legal standard. *See Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1311 (11th Cir. 2020) ("Florida law defines a trade secret as information . . . that: (a) [d]erives independent economic value . . . from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy."); *Id.* ("One party can misappropriate another's trade secret by either acquisition, disclosure, or use. . . .  A person misappropriates a secret by use if he uses it 'without express or implied consent' and . . .[a]t the time of disclosure or use, knew or had reason to know that her or his knowledge of the trade secret was . . .[a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use."). GS's argument that the standard for misappropriation somehow excludes these statutorily required factors is perplexing to say the least.[2]

---

[1] Although GS paints the *Delivery Holding Kicks* decision and its legal standard as "recent" (Opp. at 13), the standard is quoted language from an Eleventh Circuit decision *from 2020*.

[2] The second case GS cites to, *Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, 898 F.3d 1279, 1297 (11th Cir. 2018), similarly addresses the requirements for reasonable efforts to maintain secrecy and disclosure or use of the information.

2

Applying either "standard," the SAC falls short.  As a threshold matter, GS has failed to sufficiently allege that it possesses a "trade secret," and nothing in its Opposition suggests otherwise. ███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████  Because GS fails to identify its trade secrets with sufficient particularity, its claims for misappropriation must be dismissed.  *See* Mem. at 9–10 (citing *Sutra, Inc. v. Iceland Exp., ehf*, 2008 WL 2705580, at *3 (D. Mass. July 10, 2008) ("It is hornbook law that 'the parties and the court cannot accurately decide the question of whether a trade secret exists without first understanding what precisely is asserted as a secret.'")); *Phoenix Co., Inc. v. Castro-Badillo*, 2024 WL 3742368, at *4 (D.P.R. Aug. 9, 2024) (quoting *Sutra* and dismissing claim where plaintiff failed to "distinguish between matters of general knowledge in the trade and the particularities that make its [product], a trade secret").[3]

Even if GS had sufficiently identified its trade secrets, GS's allegations for misappropriation are nothing more than unsubstantiated speculation.  *See Penalbert-Rosa v.*

---

[3] *See also TLS Mgmt. & Mktg. Servs., LLC v. Rodriguez-Toledo*, 966 F.3d 46, 51–52 (1st Cir. 2020) (noting that failure to articulate the alleged trade secret with particularity raises the "possibility that the trade secret owner will tailor the scope of the trade secret in litigation to conform to the litigation strategy").

3

*Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5 (2007)).  GS previously focused on one Toast CAB member, Joy Zarembka, and alleged that Ms. Zarembka disclosed information to Toast about GS's PayDayPortal.  But GS never pleads that Ms. Zarembka ***ever even accessed or used*** GS's PayDayPortal, and GS's reliance on a video where Ms. Zarembka said she provided information generally to Toast, without any reference to GS or to tip management, does not support that she disclosed GS's confidential information.  GS's Opposition now goes a step further and argues that GS has pled sufficient facts to show that any member of Toast's CAB that is, or was in the past, a customer of GS is a "plausible source[] of the misappropriated trade secrets."  Opp. at 15.  While the factual support for the allegation that Ms. Zarembka disclosed information to Toast is exceedingly thin, the factual support that other CAB members disclosed information is nonexistent and not even found in the SAC.  "[S]peculation, when unsupported by any allegations in the complaint, is insufficient to survive a motion to dismiss for failure to state a claim."  *Cavallaro v. UMass Mem'l Health Care Inc.*, 2010 WL 3609535, at *6 (D. Mass. July 2, 2010).  Accordingly, GS's claims for misappropriation should be dismissed.[4]

## II. THE SAC FAILS TO STATE A PLAUSIBLE COMMON LAW CLAIM UNDER EITHER MASSACHUSETTS OR FLORIDA LAW.

While Massachusetts law applies to the parties' dispute,[5] GS asserts in its Opposition that its common law claims are brought under Florida law.  Regardless of which state's law applies,

---

[4] GS's claims also fail for the additional reasons in Toast's Opening Memorandum.  Mem. at 8–16.  Toast disagrees with GS's unsupported statement (Opp. at 11) that the terms and conditions do not apply to GS's PayDayPortal, which is explicitly referenced in the terms and conditions.  Mem. at 6–7.  But even without considering the terms and conditions, GS has failed to state a claim for misappropriation under the DTSA or FUTSA.  Mem. at 8–16.

[5] A transfer pursuant to the first-to-file rule is not a typical § 1404(a) transfer, and therefore the law of the transferee (not transferor) court should apply.  *See, e.g.*, *Volvo Const. Equip. N. Am., Inc. v.*

GS fails to sufficiently plead the required elements of civil conspiracy and intentional interference, *both of which Toast addressed in its Motion.  See* Docket No. 107 at n.8, n.9.

To clarify, under either Florida or Massachusetts law, a plaintiff alleging civil conspiracy must show (1) a design or agreement between two or more parties to perform an unlawful/wrongful act and (2) proof of some act in furtherance of that agreement/conspiracy.[6]  Florida law also requires that the plaintiff show damages as a result of the acts performed under the conspiracy.  *See Wesley Fin. Grp.*, 746 F. Supp. 3d at 1358.  Regardless of whether Florida or Massachusetts law applies, GS's claim for civil conspiracy fails because there are no non-speculative allegations in the SAC to support an "agreement between two or more parties" or that any act was done "in furtherance" of the agreement.  *See, e.g.*, *Barthelmes v. Kimberly-Clark Corp.*, 2015 WL 1431156, at *22 (D. Mass. Mar. 27, 2015) (requiring a plaintiff "allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy") (internal quotations omitted); *see also Debose v. Univ. of S. Fla.*, 178 F. Supp. 3d 1258, 1272 (M.D. Fla. 2016) (requiring pleading "particularized facts that are more than vague or conclusory").  GS alleges that members of Toast's CAB "breached . . . obligations by accessing Gratuity's confidential PayDayPortal, and misappropriated Gratuity's trade secrets so Toast could improve their [sic] products" (Opp. at 18), but the SAC is devoid of

---

*CLM Equip. Co., Inc.*, 386 F.3d 581, 600 (4th Cir. 2004) (declining to apply the choice of law ruling from *Van Dusen v. Barrack*, 376 U.S. 612, 632–37 (1964)); *see also Yancey v. Remington Arms Co., LLC*, 2013 WL 5462205, at *3 (M.D.N.C. Sept. 30, 2013), *report and recommendation adopted in part sub nom. Maxwell v. Remington Arms Co., LLC*, 2014 WL 5808795 (M.D.N.C. Nov. 7, 2014).  While there is no First Circuit precedent on this point, Massachusetts courts have adopted a functional choice-of-law approach that "requires the court to apply the substantive law of the state with the most significant relationship to the transaction or occurrence and to the parties"—in this instance, Massachusetts.  *See Telford v. Iron World Mfg., LLC*, 680 F. Supp. 2d 337, 338 (D. Mass. 2010).

[6] *See Wesley Fin. Grp., LLC v. Westgate Resorts*, *Ltd.*, 746 F. Supp. 3d 1342, 1358 (M.D. Fla. 2024); *Mullane v. Breaking Media, Inc.*, 433 F. Supp. 3d 102, 115 (D. Mass. 2020), *aff'd*, 2021 WL 3027150 (1st Cir. Feb. 26, 2021).

any non-speculative support that any CAB member provided GS information to Toast, much less that these CAB members accessed and used GS's PayDayPortal.

With respect to intentional interference with a contract, the standards under Florida and Massachusetts law are nearly identical. Under both, GS must show (1) the existence of a business relationship; (2) defendant's knowledge of the relationship; (3) intentional unjustified/improper interference with the relationship; and (4) damages.[7] None of the arguments GS makes in its Opposition resolves the issue that the SAC relies on conclusory, speculative facts of "mere suspicion" of wrongdoing, which are insufficient to plead a claim. *See, e.g.*, *Ruggers, Inc. v. United States*, 736 F. Supp. 2d 336, 343 (D. Mass. 2010) (granting motion to dismiss when claim was based on "mere suspicion alone"); *Merrett v. Liberty Mut. Ins. Co.*, 2012 WL 37231, at *2 (M.D. Fla. Jan. 6, 2012) (requiring "factual allegations that create more than a suspicion of a legally cognizable cause of action"). GS alleges that CAB members were bound by GS's User Agreement and that Toast knew GS placed "confidentiality restrictions" on its PayDayPortal users. Opp. at 19. Even if these allegations were true, the legal standard does not require only that Toast knew of the User Agreement; rather, the standard requires that Toast ***knew that its CAB members were bound by the User Agreement***, and Toast nonetheless improperly interfered with the agreement. *See Applied Concepts Unleashed, Inc. v. Matthews*, 2015 WL 11254380, at *4 (S.D. Fla. Feb. 19, 2015) (dismissing claim despite conclusory allegation of knowledge of confidentiality agreement). GS fails to plead this necessary fact.

## III.    CONCLUSION

For these reasons and those laid out in Toast's Motion and Opening Memorandum, GS's SAC should be dismissed with prejudice.

---

[7] *See Lyons v. Gillette*, 882 F. Supp. 2d 217, 235 (D. Mass. 2012); *ISO Claims Servs., Inc., ACI Div. v. Bradford Techs., Inc.*, 2011 WL 13176422, at *6 (M.D. Fla. Sept. 29, 2011).

Dated: June 3, 2025

/s/ *Srikanth Reddy*
Srikanth Reddy (BBO No. 669264)
Kate MacLeman (BBO No. 684962)
Tara Thigpen (BBO No. 707508)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Fax: (617) 523-1231
SReddy@goodwinlaw.com
KMacleman@goodwinlaw.com
TThigpen@goodwinlaw.com

Andrew Ong (admitted *Pro Hac Vice*)
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94603
Tel: (650) 752-3100
Fax: (617) 853-1038
AOng@goodwinlaw.com

*Attorneys for Defendant Toast, Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the non-registered participants as known this June 9, 2025.

/s/ *Srikanth Reddy*
Srikanth Reddy (BBO No. 669264)